UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON R. JOHNSON, | Case No. 2:23-cv-00908-JDP (PC) |
| Plaintiff, | ORDER |
| v. | |
| WARDEN, *et al.*, | |
| Defendants. | |

Plaintiff brings this section 1983 case against defendants Brown, French, Luca, and Reimche, all sheriff's deputies for El Dorado County, alleging that they used excessive force against him during his arrest.[1] ECF No. 10 at 10-11. These allegations are suitable to proceed. Plaintiff's allegations against Sheriff Jeff Leikauf and the county itself, however, are non-cognizable. Plaintiff may proceed only with his claims against the deputies or delay serving any defendant and file an amended complaint.

---

[1] This case was opened as a habeas action, but was converted to a civil rights case. ECF Nos. 1, 7, & 8.

1

# Screening Order

## I. Screening and Pleading Requirements

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Analysis**

Plaintiff alleges that defendants Brown, French, Luca, and Reimche violated his rights by using excessive force against him, failing to intervene to stop their fellow officers from using unnecessary force, and failing to secure him prompt aid for his injuries in the aftermath of the incident. ECF No. 10 at 10-11. These allegations, arising as they appear to from the arrest of a free citizen, are cognizable under the Fourth Amendment. *See Graham v. Connor*, 490 U.S. 386, 394 (1989).

By contrast, plaintiff's allegations against defendants Leikauf and the County of El Dorado are non-cognizable. With respect to Leikauf, plaintiff alleges only that the sheriff was responsible for the deputies' training and for ensuring they complied with state and federal law. ECF No. 10 at 9. There is no respondeat superior liability in a section 1983 action, and a supervisory defendant can be held liable only for his own action or inaction. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff has failed to allege that Leikauf had any knowledge of, or ability to intervene in, the excessive force incident. And, as to the county, it can only be held liable under section 1983 if the violation stemmed from some custom or policy. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Plaintiff has not alleged that the deputies' unlawful acts against him stemmed from any custom or policy of the county.

Plaintiff may either proceed only with his Fourth Amendment claims against defendants Brown, French, Luca, and Reimche, or he may file an amended complaint. He is advised that the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in the original one, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "Amended Complaint" and refer to the appropriate case number.

Plaintiff has also filed a motion for extension of time and to consolidate cases. ECF No. 9. The other case he references, *Johnson v. El Dorado County Sheriffs*, 2:23-cv-1169-WBS-EFB,

remains classified as a habeas action and, thus, cannot be consolidated with this civil rights action. The motion to consolidate is denied.

Accordingly, it is ORDERED that:

1. Plaintiff's most recent application to proceed *in forma pauperis*, ECF No. 11, is GRANTED.

2. Within thirty days from the service of this order, plaintiff must either indicate his desire to proceed only with the claims identified above as cognizable or he must submit an amended complaint. If he fails to do either, I may recommend that this action be dismissed for failure to prosecute.

3. The Clerk of Court is directed to send plaintiff a complaint form.

4. Plaintiff's motion for extension of time and to consolidate cases, ECF No. 9, is DENIED.

IT IS SO ORDERED.

Dated: September 25, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE