1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   BRANDON R. JOHNSON,                    Case No. 2:23-cv-00908-JDP (PC)

12                   Plaintiff,             **ORDER**

13        v.                                DENYING PLAINTIFF'S MOTION TO
                                            AMEND AND MOTION FOR EXTENSION
14   WARDEN, *et al.*,                      OF TIME AS UNNECESSARY

15                   Defendants.            ECF Nos. 16 & 19

16                                          SCREENING ORDER THAT THE FIRST
                                            AMENDED COMPLAINT STATES
17                                          COGNIZABLE FOURTH AMENDMENT
                                            EXCESSIVE FORCE AND BATTERY
18                                          CLAIMS AGAINST DEFENDANT
                                            FRENCH AND FALSE ARREST CLAIMS
19                                          AGAINST DEFENDANTS FRENCH,
                                            LUCA, AND REIMCHE
20
                                            **FINDINGS AND RECOMMENDATIONS**
21
                                            THAT ALL OTHER CLAIMS BE
22                                          DISMISSED AS NON-COGNIZABLE

23                                          ECF No. 17

24                                          OBJECTIONS DUE WITHIN FOURTEEN
                                            DAYS
25

26         Plaintiff, a prisoner in Avenal State Prison, alleges that defendants, all of whom are

27   employed by the El Dorado County Sheriff's office, violated his rights during an arrest in July

28   2021 by using excessive force against him, falsely imprisoning him, and, afterward, failing to

                                            1

1    safeguard his due process rights.  ECF No. 17 at 9-16.  After reviewing the complaint, I find that

2    it states a viable Fourth Amendment excessive force and battery claim against defendant French.

3    It also states cognizable false arrest claims against French, Luca, and Reimche.  I will direct

4    service for that defendant.  All other claims and defendants should be dismissed.  Plaintiff's

5    motion to amend, ECF No. 16, and motion for extension of time, ECF No. 19, are denied as

6    unnecessary.  Plaintiff was offered an opportunity to amend in my last screening order, ECF

7    No. 13, and no motion to amend is necessary.  Additionally, there are no pending deadlines that

8    necessitate a motion for extension of time.

9                                          **Screening Order**

10    **I.       Screening and Pleading Requirements**

11        A federal court must screen a prisoner's complaint that seeks relief against a governmental

12    entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable

13    claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

14    claim upon which relief may be granted, or seeks monetary relief from a defendant who is

15    immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

16        A complaint must contain a short and plain statement that plaintiff is entitled to relief,

17    Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

18    face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not

19    require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.

20    662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere

21    possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not

22    identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

23    1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that

24    give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264

25    n.2 (9th Cir. 2006) (en banc) (citations omitted).

26        The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404

27    U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it

28    appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

                                                2

1    would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

2    However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

3    of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

4    1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

5         **II.      Analysis**

6         Plaintiff alleges that, on July 4, 2021, he was returning to his car after exiting a grocery

7    door. ECF No. 17 at 9.  A man approached him and alleged that plaintiff's car belonged to him.

8    *Id.*  The two men had an altercation and defendant French responded to the scene.  *Id.*  Plaintiff

9    alleges that French used unnecessary force to subdue him by tasing him and then beating and

10   stomping on him.  *Id.*  These allegations are sufficient to state a Fourth Amendment claim against

11   French.  The Eighth and Fourteenth Amendments do not apply because plaintiff was neither a

12   pretrial detainee nor a prisoner at the time; the Fourth Amendment governs excessive force claims

13   related to an arrest.  *See Hughes v. Rodriguez*, 31 F.4th 1211, 1220 (9th Cir. 2022).  These

14   allegations also state a cognizable battery claim against French.

15        As to defendants Reimche and Luca, he alleges that, after French used excessive force in

16   subduing him, they arrived and forcefully handcuffed him. ECF No. 17 at 10.  A "forceful

17   handcuffing" is insufficient to state an excessive force claim.  *See Graham v. Connor*, 490 U.S.

18   386, 396 (1989) ("Not every push or shove, even if it may later seem unnecessary in the peace of

19   a judge's chambers, violates the Fourth Amendment.") (internal quotation marks and citations

20   omitted).  And there is no viable claim for delayed medical care against Reimche or Luca.  They

21   allegedly arrived at the scene at 12:43 p.m. and, by 1:07 p.m., plaintiff was being transported to

22   the hospital. ECF No. 17 at 10.  These allegations are sufficient, however, to state cognizable

23   false arrest claims against French, Luca, and Reimche.

24        Plaintiff's other claims should be dismissed.  Plaintiff alleges that defendants Leikauf, the

25   El Dorado Sheriff, and El Dorado County itself are culpable because they failed to adequately

26   train their deputies.  *Id.* at 12.  He has failed to allege any specific deficiencies in training or

27   explain how he knows that French's actions were caused by such an omission, however.  To the

28   contrary, if his allegations about the severity of the force used by French are accepted as true,

3

1    even a complete layman would conclude that the force was excessive.  Not every bad act by a law

2    enforcement officer necessarily implicates a failure to train.

3          Plaintiff also claims that defendants French, Reimche, Luca, and Brown violated his due

4    process rights by covering up the use of force incident.  *Id.* at 15.  He claims that defendant

5    Brown approved these reports.  Id.  The due process clause contains no right to be free from false

6    allegations; it guarantees only certain procedural protections in defending against those

7    allegations.  *See Ponce v. AMTRAK R.R. Co.*, No. 1:21-cv-01200-JLT-BAM, 2022 U.S. Dist.

8    LEXIS 96676, *10 (E.D. Cal. May, 27, 2022) ("To the extent that he is seeking state a federal

9    claim on the submission of false police reports, the Due Process Clause itself does not contain any

10   language that grants a broad right to be free from false accusations, but guarantees certain

11   procedural protections to defend against false accusations.").

12         Given that plaintiff has already been afforded an opportunity to amend, I will direct

13   service for his cognizable claims and recommend that his non-viable ones be dismissed.

14         Accordingly, it is ORDERED that:

15         1.  Plaintiff's motion to amend, ECF No. 16, and motion for extension of time, ECF No.

16   19, are DENIED as unnecessary.

17         2.  This action shall proceed based on the Fourth Amendment excessive force and state

18   law battery claims against defendant French and state law false imprisonment claims against

19   defendants French, Reimche, and Luca.

20         3.  The Clerk of Court shall send plaintiff three USM-285 forms, a summons, a Notice of

21   Submission of Documents form, an instruction sheet, and a copy of the complaint filed November

22   7, 2023, ECF No. 17.

23         4.  Within thirty days from the date of this order, plaintiff shall complete the attached

24   Notice of Submission of Documents and submit the completed Notice to the court with the

25   following documents:

26              a.      one completed summons for the defendants;

27              b.      three completed USM-285 form; and

28              c.      four copies of the signed November 7, 2023 complaint.

4

5.  Plaintiff need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the U.S. Marshals Service to serve the above defendants pursuant to Federal Rule of Civil Procedure 4, without payment of costs by plaintiff.

6.  The failure to comply with this order may result in the dismissal of this action.

7.  The Clerk of Court shall randomly assign a district judge to this action.

Further, it is RECOMMENDED that all claims other than the ones identified as viable above be DISMISSED for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     January 16, 2024                                   _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

1

2

3

4                    UNITED STATES DISTRICT COURT

5                FOR THE EASTERN DISTRICT OF CALIFORNIA

6

7   BRANDON R. JOHNSON,                Case No.  2:23-cv-00908-JDP (PC)

8            Plaintiff,                NOTICE OF SUBMISSION OF
                                       DOCUMENTS
9        v.

10  WARDEN, et al.,

11           Defendants.

12

13

14

15

16

17
        In accordance with the court's Screening Order, plaintiff must submit:
18
            __1__      completed summons form
19
            __3__      completed forms USM-285
20
            __4__      copies of the November 7, 2023 complaint
21

22

23

24                                    _____

25                                              Plaintiff

        Dated:
26

27

28
                                      6