UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON R. JOHNSON, | Case No.  2:23-cv-0908 KJM JDP (PC) |
| Plaintiff, | |
| v. | ORDER |
| WARDEN, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 16, 2024, the magistrate judge filed findings and recommendations, which were served on plaintiff, and which contained notice to plaintiff that any objections to the findings and recommendations were to be filed within fourteen days.  Plaintiff has filed objections to the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case.  Having reviewed the file, the court adopts the findings and recommendations in part.

As the magistrate judge notes, plaintiff has not sufficiently alleged a failure to train claim under 42 U.S.C. § 1983.  *See* F. & R. at 3–4, ECF No. 20; *see also Flores v. County of Los*

*Angeles*, 758 F.3d 1154, 1158 (9th Cir. 2014).  Additionally, plaintiff cannot state a due process

claim based on the alleged false allegations alone, without explaining how the false allegations

deprived him of a constitutionally protected liberty or property interest.  *See* F. & R. at 4;

*Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) ("The Fourteenth Amendment's Due Process

Clause protects persons against deprivations of life, liberty, or property; and those who seek to

invoke its procedural protection must establish that one of these interests is at stake."); *Davis v.*

*Macomber*, No. 19-0848, 2019 WL 2464531, at *6 (E.D. Cal. June 13, 2019) (existence of

alleged false reports alone does not support due process claim).  Although "there is a clearly

established constitutional due process right not to be subjected to criminal charges on the basis of

false evidence that was deliberately fabricated by the government," *Devereaux v. Abbey*,

263 F.3d 1070, 1074–75 (9th Cir. 2001), plaintiff does not allege he was subject to criminal

charges based on defendants' fabricated reports, *cf. Rubalcava v. City of San Jose*, No. 20-04191,

2024 WL 1336456, at *16 (N.D. Cal. Mar. 27, 2024) (due process rights implicated when

prosecutor relied on allegedly fabricated police reports when deciding to prosecute plaintiff).

However, the magistrate judge has not considered whether plaintiff has sufficiently stated:

1) a § 1983 claim for ratification of an unconstitutional action, First Am. Compl. at 12, 15; *see,*

*e.g.*, *Christie v. Iopa*, 176 F.3d 1231, 1238 (9th Cir. 1999) (discussing ratification); 2) a state law

claim for intentional infliction of emotional distress against defendant French, First Am. Compl.

at 17–18; and 3) a claim against defendants Luca, Reimche, and Brown for failure to intervene,

*id.* at 18–19; *see, e.g.*, *Cunningham v. Gates*, 229 F.3d 1271, 1289 (9th Cir. 2000) (discussing

duty to intercede).  The matter is referred back to the magistrate judge for consideration of these

claims.

Accordingly, IT IS HEREBY ORDERED that:

1.  The findings and recommendations, ECF No. 20, are adopted in part;

2.  Plaintiff's excessive force claim against defendants Reimche and Luca, delayed

medical care claim against defendants Reimche and Luca, failure to train claim against

defendants Leikauf, El Dorado Sheriff and El Dorado County, and due process claim against

defendants French, Reimche, Luca and Brown for the alleged false reports are dismissed for

failure to state a claim; and

3.  This matter is referred back to the assigned magistrate for consideration of the remaining claims as noted in this order and for all further pretrial matters.

DATED:  May 23, 2024.

CHIEF UNITED STATES DISTRICT JUDGE