UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Brandon R. Johnson,<br><br>        Plaintiff,<br><br>    v.<br><br>Warden, et al.,<br><br>        Defendants. | No. 2:23-cv-0908 KJM JDP (PC)<br><br>ORDER |

Plaintiff Brandon Johnson, a state prisoner proceeding pro se, filed a response to this court's order adopting in part the magistrate judge's findings and recommendations. *See* Resp., ECF No. 35; Prior Order (May 23, 2024), ECF No. 34. The court construes this response as a motion for reconsideration.

Generally, reconsideration is appropriate if there has been an intervening change in controlling law, new evidence has become available, or it is necessary to correct clear error or prevent manifest injustice. *Cachil Dehe Band of Wintun Indians of Colusa Indian Cmty. v. California*, 649 F. Supp. 2d 1063, 1069 (E.D. Cal. 2009) (citing *Sch. Dist. No. 1J Multnomah County, Oregon v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993)). Here, plaintiff does not argue there has been a change in controlling law or present any newly discovered evidence. *See generally* Resp. Nor does plaintiff identify any clear error or other unusual circumstance justifying reconsideration. *See generally id.* Instead, plaintiff reasserts the facts of his case and

1

claims. *See generally id.* But "[a] party seeking reconsideration must show more than a disagreement with the [c]ourt's decision, and recapitulation of that which was already considered by the [c]ourt in rendering its decision." *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (citations and quotations omitted). Furthermore, the court reiterates that its prior decision referred this matter back to the assigned magistrate judge to consider whether plaintiff sufficiently stated: (1) a § 1983 claim for ratification of an unconstitutional action; (2) a state law claim for intentional infliction of emotional distress against defendant French; and (3) a claim against defendants Luca, Reimche, and Brown for failure to intervene. *See* Prior Order (May 23, 2024) at 2. Accordingly, to the extent plaintiff seeks reconsideration, such a request is **denied**.

This order resolves ECF No. 35.

IT IS SO ORDERED.

DATED: August 22, 2024.

_____
CHIEF UNITED STATES DISTRICT JUDGE