| | |
|---|---|
| BRANDON R. JOHNSON,<br><br>              Plaintiff,<br><br>   v.<br><br>WARDEN, *et al.*,<br><br>             Defendants. | Case No. 2:23-cv-00908-KJM-JDP (PC)<br><br>**ORDER**<br><br>FINDING ADDITIONAL CLAIMS COGNIZABLE AND DIRECTING PLAINTIFF TO SUBMIT ADDITIONAL SERVICE DOCUMENTS<br><br>ECF Nos. 20 & 34<br><br>**FINDINGS AND RECOMMENDATIONS**<br><br>THAT THE FAILURE TO INTERVENE CLAIM AGAINST DEFENDANT BROWN BE DISMISSED AS NON-COGNIZABLE<br><br>ECF No. 17 |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

     Plaintiff, a prisoner in Avenal State Prison, alleges that defendants, all of whom are employed by the El Dorado County Sheriff's office, violated his rights during an arrest in July 2021. In a prior screening order, I found that the operative complaint stated a viable Fourth Amendment excessive force and battery claim against defendant French, and cognizable false arrest claims against French, Luca, and Reimche. ECF No. 20. I recommended that several other claims be dismissed as non-cognizable. *Id.* The district judge adopted my recommendations but referred the matter back to me to consider whether the complaint stated viable claims for

1  ratification of unconstitutional conduct, a state law claim for intentional infliction of emotional
2  distress against defendant French, and a failure to intervene claim against defendants Luca,
3  Reimche, and Brown.  ECF No. 34 at 2.  Having considered them, I find, in light of plaintiff's *pro*
4  *se* status, that they should proceed past screening with one exception.  I find that no plausible
5  claim for failure to intervene may be maintained against defendant Brown because, as I
6  understand plaintiff's allegations, Brown was not present at the scene of the incident and was
7  only involved in approving an allegedly false incident report after the fact.  ECF No. 17 at 10
8  (alleging Brown's approval of a false report and emphasizing that the incident involving French,
9  Luca, and Reimche occurred in view of the public).  If this is incorrect and Brown was in a
10 position to intervene, plaintiff may state as much in his objections.  I have already directed
11 service for defendants French, Luca, and Reimche.  Plaintiff must submit additional service
12 documents in order to sustain the claim for ratification of unconstitutional conduct against El
13 Dorado County.
14         Accordingly, it is ORDERED that:
15         1.  In addition to the claims previously identified as cognizable in my last screening order,
16 ECF No. 20, this action shall proceed based on a claim for ratification of unconstitutional conduct
17 against the El Dorado County, a state law claim for intentional infliction of emotional distress
18 against defendant French, and a failure to intervene claim against defendants Luca and Reimche.
19         2.  The Clerk of Court shall send plaintiff one USM-285 forms, a summons, a Notice of
20 Submission of Documents form, an instruction sheet, and a copy of the complaint filed November
21 7, 2023, ECF No. 17.
22         3.      Within thirty days from the date of this order, plaintiff shall complete the attached
23 Notice of Submission of Documents and submit the completed Notice to the court with the
24 following documents:
25         a.      one completed summons for defendant El Dorado County;
26         b.      one completed USM-285 form; and
27         c.      two copies of the signed November 7, 2023 complaint.
28         4.      Plaintiff need not attempt service on defendants and need not request waiver of

2

1  service. Upon receipt of the above-described documents, the court will direct the U.S. Marshals
2  Service to serve the above defendants pursuant to Federal Rule of Civil Procedure 4, without
3  payment of costs by plaintiff.
4       Further, it is RECOMMENDED that plaintiff's failure to intervene claim against
5  defendant Brown be dismissed as non-cognizable.
6       These findings and recommendations are submitted to the United States District Judge
7  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days
8  after being served with these findings and recommendations, any party may file written
9  objections with the court and serve a copy on all parties. Such a document should be captioned
10 "Objections to Magistrate Judge's Findings and Recommendations." Any response to the
11 objections shall be served and filed within fourteen days after service of the objections. The
12 parties are advised that failure to file objections within the specified time may waive the right to
13 appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez
14 v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   October 2, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3

1
2
3
4
5
6
7
8
9
10
11
12

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON R. JOHNSON, | Case No. 2:23-cv-00908-KJM-JDP (PC) |
| Plaintiff, | NOTICE OF SUBMISSION OF DOCUMENTS |
| v. | |
| WARDEN, et al., | |
| Defendants. | |

In accordance with the court's Screening Order, plaintiff must submit:

   __1__   completed summons form

4

|   1   | completed forms USM-285 |
|   2   | copies of the November 7, 2023 complaint |

_____

Plaintiff

Dated: