UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRANDON R. JOHNSON

        Plaintiff,

  v.

WARDEN, *et al.*,

        Defendants.

Case No. 2:23-cv-0908-DC-JDP (P)

ORDER; FINDINGS AND RECOMMENDATIONS

      Plaintiff, a state prisoner proceeding pro se, alleges that defendants El Dorado County and Matthew French, Sara Reimche, and Alex Luca, all of whom are current or former deputies with the El Dorado County Sheriff's Office, violated his federal and state rights during a July 2021 arrest.[1] ECF No. 17. Defendants French, Reimche, and Luca move to dismiss the state law

---

[1] At screening, I recommended that plaintiff's Fourth Amendment excessive force and battery claim against French, and a false arrest claim against French, Luca, and Reimche, be allowed to proceed, but that the remainder of plaintiff's claims be dismissed for failure to state a claim. ECF No. 20. The district court partially adopted my recommendations, dismissing plaintiff's excessive force, delayed medical care, failure to train, and due process claims against varying defendants. ECF No. 34. However, the court referred the matter back to me to consider whether plaintiff had sufficiently alleged a § 1983 claim for ratification; a state law claim for intentional infliction of emotional distress ("IIED") against French; and a claim against Luca, Reimche, and another officer for failure to intervene. *Id.* I recommended that additional claims of ratification against El Dorado County, a state law claim for IIED against French, and a failure to intervene claim against Luca and Reimche be allowed to proceed, ECF No. 42, and the district

1

claims, ECF No. 46, plaintiff has filed an opposition, ECF No. 50, and defendants have filed a reply, ECF No. 54. Defendant El Dorado County also moves to dismiss plaintiff's complaint, ECF No. 71. Plaintiff opposes this motion to dismiss, ECF No. 75, and El Dorado County has filed a reply, ECF No. 76. After review of the pleadings, I recommend that plaintiff's amended complaint be dismissed (1) with leave to amend his state law battery and IIED claims against French, and false arrest claims against French, Luca, and Reimche, to allow plaintiff an opportunity to plead additional facts and to address whether he complied with the California Government Claims Act, and (2) that plaintiff's failure to intervene claim against Reimche and Luca be dismiss without leave to amend. I also recommend that plaintiff's ratification claim against El Dorado County be dismissed without leave to amend.

Plaintiff also filed other motions requesting miscellaneous relief, ECF No. 52, and motions to file discovery documents, ECF Nos. 59, 66, 67, 72. I will grant plaintiff's motions to submit additional exhibits, ECF Nos. 59, 67, and deny the remaining motions.

**Motions to Dismiss**

**I.      Legal Standards**

A complaint may be dismissed under Rule 12 for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability

---

court adopted and affirmed my recommendation, ECF No. 49. As such, the only claims remaining to be considered at this point are: (1) a Fourth Amendment excessive force claim against French; (2) a state law battery claim against French; (3) an IIED claim against French; (4) false arrest claims against French, Luca, and Reimche; (5) failure to intervene claims against Luca and Reimche; and (6) a ratification claim against El Dorado County. Neither motion moves to dismiss plaintiff's Fourth Amendment excessive force claim against French. *See generally* ECF Nos. 46, 71.

2

requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 556 U.S. at 678.

For purposes of dismissal under Rule 12(b)(6), the court generally considers only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice, and construes all well-pleaded material factual allegations in the light most favorable to the nonmoving party. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. *Chubb Custom Ins. Co.*, 710 F.3d at 956. Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the claim. *Franklin v. Murphy*, 745 F.2d 1221, 1228-29 (9th Cir. 1984).

## II.     Allegations

Plaintiff alleges that on July 4, 2021, as he was returning to his car after exiting a grocery store, a man approached him and told him that plaintiff's car belonged to him. ECF No. 17 at 9. Plaintiff alleges that this man brandished a weapon and chased him into a nearby park. *Id.* A few minutes later, French arrived at the park and tased and tackled plaintiff. *Id.* Plaintiff alleges that French began kicking, punching, stomping, and choking plaintiff until he lost consciousness. *Id.* Then, French dragged plaintiff to a nearby tree and continued beating him in the head, causing him to suffer a traumatic brain injury. *Id.* at 9-10. A few minutes later, Luca and Reimche arrived at the park, and all three defendants handcuffed plaintiff. *Id.* at 10. Plaintiff was transported to a nearby hospital, and as a result of this incident suffered humiliation, emotional distress, pain, suffering, and medical costs. *Id.*

Plaintiff alleges that this practice of excessive force was consistent with institutionalized practice of the El Dorado County Sheriff's Office. *Id.* He alleges that Sergeant Brown and Sheriff Leikauf authorized the actions of French, Luca, and Reimche by failing to discipline them appropriately and by failing to take adequate precautions in hiring them. *Id.* at 11.

### III. Analysis

#### A. Claims Against French, Reimche, and Luca

Defendants French, Reimche, and Luca move to dismiss plaintiff's first amended complaint. ECF No. 46. First, they argue that all plaintiff's state law claims should be dismissed without leave to amend because plaintiff failed to present a timely government claim to the county, and that the time period to do so has lapsed. ECF No. 46-1 at 5-7. They also contend that plaintiff's failure to intervene claim against Reimche and Luca should be dismissed because Reimche and Luca arrived after the alleged altercation between French and plaintiff, and so had no reasonable opportunity to intervene. *Id.* at 7-8.

French, Reimche, and Luca also ask this court to take judicial notice of the fact that plaintiff has not presented a government claim. ECF No. 46-2 at 1-2. In support, they provide a declaration from Kim Dawson, the Clerk of the County of El Dorado Board of Supervisors, who acts as a custodian of records for the County of El Dorado related to all government claims. ECF No. 46-3 at 1. She declared that she conducted a diligent search into the electronic and physical databases for claims filed by plaintiff and could not locate any claim or record of a claim. *Id.* at 1-2.

In response, plaintiff declares under penalty of perjury that he did file a government claim to El Dorado County on October 13, 2021. ECF No. 50 at 3. He states that he also sent a follow-up letter in April 2023 but did not receive a response. *Id.*

In reply, French, Remiche, and Luca assert that their motion to dismiss should be granted notwithstanding plaintiff's declaration that he filed a claim because he did not include that information in his complaint. ECF No. 54 at 3. They contend that if this court gives plaintiff leave to amend on this issue, that it should require plaintiff provide additional information regarding where he filed this claim and to whom he sent it, in light of Dawson's declaration that there is no record of plaintiff filing such claim. *Id.* at 3-4.

As an initial matter, I will grant these defendants' request for judicial notice of plaintiff's government claims to the extent that their documentation shows that Dawson could not find a claim filed by plaintiff within her specific databases. "Judicial notice under Rule 201 permits a

court to notice an adjudicative fact if it is 'not subject to reasonable dispute.'" *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (quoting Fed. R. Evid. 201(b)). "A fact is 'not subject to reasonable dispute' if it is 'generally known,' or 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *Id.* (quoting Fed. R. Evid. 201(b)(1)-(2)). The court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). Courts routinely conclude that government claims are proper subjects of judicial notice. *See, e.g.*, *Ramachandran v. City of Los Altos*, 359 F. Supp. 3d 801, 811 (N.D. Cal. 2019) (taking judicial notice of a government claim filed pursuant to the California Government Claims Act); *Kim v. City of Belmont*, 2018 WL 500269, at *3 (N.D. Cal. Jan. 22, 2018) (taking judicial notice of a government claim filed pursuant to the California Government Claims Act that was referenced in the complaint but not physically attached to the pleadings).

With this in mind, I recommend that defendants French, Reimche, and Luca's motion to dismiss plaintiff's state law claims be granted, but with leave to amend to allow plaintiff the opportunity to plead additional facts related to his government claims. French, Reimche, and Luca correctly argue that plaintiff's state law claims for damages should be dismissed because he has not complied with the California Government Claims Act. That Act bars claims for damages under state law against a public employee unless the claim is first presented to the Department of General Services—which just occur within six months of the alleged injury. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988) ("Karim-Panahi's pendent state law tort claims against both the individual and public entity defendants are barred unless he presented them to the City and the LAPD before commencing suit.").

However, plaintiff declares under penalty of perjury that he did properly file his government claim with the state. ECF No. 50 at 3. While "compliance with the claims statute is mandatory and failure to file a claim is fatal to the cause of action," it does not necessarily require dismissal. *Young v. City of Visalia*, 687 F. Supp. 2d 1141, 1152 (E.D. Cal. 2009) (quoting *Hacienda La Puente Unified Sch. Dist. v. Honig*, 976 F.2d 487, 494 (9th Cir. 1992)). Instead, a plaintiff who fails to comply with California Government Claims Act is merely subject to a

1  motion to dismiss, and the court has discretion to dismiss with leave to amend to obtain
2  compliance with the Act, unless it "could not possibly be cured by the allegation of other facts."
3  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal quotation marks and citation
4  omitted).  Under the current circumstances, it is not apparent that plaintiff's state law claims
5  against French, Reimche, and Luca could not be cured by the allegation of other facts, such as the
6  date plaintiff filed the government claim, what entity he sent the claim to, and to whom he
7  addressed the complaint.  As such, plaintiff's state law battery and IIED claims against French,
8  and false arrest claims against French, Luca, and Reimche, should be dismissed with leave to
9  amend for the purpose of allowing plaintiff to demonstrate that he complied with the California
10 Government Claims Act.

11 As for plaintiff's failure to intervene claim against Reimche and Luca, I recommend
12 dismissal without leave to amend.  Based on plaintiff's allegations, Reimche and Luca arrived
13 after French stopped beating plaintiff.  *See* ECF No. 17 at 10.  As such, Reimche and Luca had no
14 opportunity to intervene, which is fatal to plaintiff's claim.  *See Cunningham v. Gates*, 229 F.3d
15 1271, 1290 (9th Cir. 2000) (noting that officers may only be held liable for a failure to intervene
16 if they had a "realistic opportunity" to do so).  Plaintiff later asserts that his claim against
17 Reimche and Luca is based on their behavior when they arrived on the scene in forcefully
18 grabbing plaintiff's limbs, ECF No. 64 at 1-2, but a claim against a defendant for failing to
19 intervene in his own conduct is not cognizable, *see Cepero v. Gillespie*, No. 2:11-cv-01421, 2020
20 WL 6173503, *8 n.98 (D. Nev. Oct. 21, 2020) ("Cepero does not and cannot allege a claim for
21 failure to intervene against Bonkavich because Bonkavich could not intervene in his own conduct
22 and would simply be liable under a different theory. So this claim cannot proceed against him.").
23 Plaintiff cannot allege a set of facts demonstrating that Reimche and Luca had a realistic
24 opportunity to intervene in French's actions, and so plaintiff's failure to intervene claim should be
25 dismissed without leave to amend.

26 **B. Claim Against El Dorado County**

27 Defendant El Dorado County also moves to dismiss plaintiff's ratification claim.  ECF
28 No. 71.  It argues that plaintiff failed to adequately identify the proper "final policymaker" in his

1 complaint, which would be Sheriff D'Agostini.  ECF No. 71-1 at 5.  It next argues that even if
2 plaintiff had identified the correct final policymaker, his allegations only alleged knowledge,
3 which is insufficient to support a claim of ratification.  *Id.* at 6.  It also contends that plaintiff
4 failed to allege how ratification could have plausibly been the proximate cause of his injuries.  *Id.*
5 Finally, it argues that plaintiff cannot obtain punitive damages against the County.  *Id.* at 7.

6 Defendant El Dorado County asks this court to take judicial notice of the fact that Sheriff
7 D'Agnostini was the sheriff at the time of the incident.  ECF No. 71-2 at 1-2.  In support, it
8 submits a December proclamation of the El Dorado County Board of Supervisors recognizing
9 Sheriff D'Agostini's service ending in December 2022 and a screenshot of the El Dorado
10 County's website showing that Sheriff Leikauf took office in January 2023.  *Id.* at 5, 8.

11 In response, plaintiff asserts that El Dorado County is responsible for ratification because
12 Sergeant Brown signed off on Luca's and French's incident reports, which were inconsistent and
13 contradictory of each other, and that this amount to Brown adopting those statements as true
14 without further investigation.  ECF No. 75 at 2.  As for how Sheriff D'Agostini could be held
15 liable, plaintiff asserts that Sheriff D'Agostini had a duty to properly screen, train, and hire
16 officers, and that his failure to do this resulted in plaintiff being subjected to excessive force and
17 other tortious actions.  *Id.* at 11.

18 To show ratification, a plaintiff must show "that an official with final policymaking
19 authority either delegated that authority to, or ratified the decision of, a subordinate."  *Ulrich v.*
20 *City & Cnty. of San Francisco*, 308 F.3d 968, 985 (9th Cir. 2002).  To bring such claim, there
21 must be "something more" than an isolated failure to discipline or the fact that a policymaker
22 concluded an officer acted within applicable policies and procedures.  *Kong Meng Xiong v. City*
23 *of Merced*, Nos. 1:13-cv-00083-SKO, 1:13-cv-00111-SKO, 2015 WL 4598861, at *29 (E.D. Cal.
24 July 29, 2015).  A plaintiff cannot simply identify conduct properly attributable to the
25 municipality.  *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997).  Instead, the plaintiff
26 must "demonstrate that, through its deliberate conduct, the municipality was the 'moving force'
27 behind the injury alleged."  *Id.* (citation omitted); *see also Navarro v. Herndon*, 2016 WL
28 8731088, at *13 (E.D. Cal. Mar. 25, 2016) ("Ratification of an unconstitutional act by superiors

7


Case 2:23-cv-00908-DC-JDP    Document 78    Filed 05/14/25    Page 8 of 11

after the fact will only support liability when the superiors' past actions were the moving force behind the constitutional violation in the first place." (citing *Williams v. Ellington*, 936 F.2d 881, 884-85 (9th Cir. 1991)). "[I]t is well-settled that a policymaker's mere refusal to overrule a subordinate's completed act does not constitute approval." *Christie v. Iopa*, 176 F.3d 1231, 1239 (9th Cir. 1999).

I recommend that plaintiff's ratification claim against El Dorado County be dismissed without leave to amend. First, I take judicial notice of the fact that Sheriff D'Agostini was the sheriff at the time of the alleged incident. In his complaint, plaintiff did not name Sheriff D'Agnostini as the final policymaker who either delegated or ratified the decision of a subordinate, and in his response to El Dorado County's motion to dismiss, he argues that Sheriff D'Agnostini is liable due to a failure to train. *See* ECF No. 17 at 12, ECF No. 75 at 11. As noted above, plaintiff's failure to train claim was dismissed at screening, ECF No. 34, and he cannot resurrect it here.

Regardless of who was sheriff, though, it appears that plaintiff's claim is dependent on Sergeant Brown's action in signing off on Luca's and French's apparently contradictory incident reports. ECF No. 17 at 12; ECF No. 75 at 2. First, there is no indication how Sergeant Brown had final policymaking authority to hold the municipality liable. *See Ulrich*, 308 F.3d at 985. Additionally, Brown's "mere refusal to overrule a subordinate's completed act does not constitute approval," *see Christie*, 176 F.3d at 1239, and there must be "something more" than an isolated failure to discipline or the fact that a policymaker concluded an officer acted within applicable policies and procedures, *see Kong Meng Xiong*, 2015 WL 4598861, at *29. Ultimately, plaintiff's allegations fail to demonstrate that through its deliberate conduct, the municipality was the "moving force" behind the injury alleged. *See Navarro*, 2016 WL 8731088, at *13. Finally, to the extent that plaintiff's claim sought punitive damages, he cannot seek such damages against a municipality. *Kentucky v. Graham*, 473 U.S. 159, 167 n.13 (1985). I do not believe further amendment would save this claim, and so recommend that it be denied without leave to amend.

**Plaintiff's Remaining Motions**

Plaintiff has filed other miscellaneous motions: (1) a motion for relief and damages, ECF No. 52; (2) a motion to file discovery, ECF No. 59; (3) a motion to submit medical research, ECF No. 66; (4) a motion to submit exhibits, ECF No. 67; and (5) a motion for discovery, ECF No. 72. Defendants French, Reimche, and Luca oppose plaintiff's motion for relief and damages, ECF No. 63, motion to submit medical research, ECF No. 69, and motion for discovery, ECF No. 74. I will grant plaintiff's motions to submit additional exhibits for consideration, ECF Nos. 59, 67, and deny the remaining motions.

First, plaintiff moves for relief and damages, requesting compensatory, punitive, nominal, and treble damages, as well as third party insurance double recovery. ECF No. 52. He specifically requests ten million dollars in nominal damages. *Id.* at 1. Defendants French, Reimche, and Luca oppose this motion, arguing that plaintiff's request for ten million dollars in nominal damages has no basis in the law, and that plaintiff is merely reiterating the damages sought his first amended complaint. ECF No. 51. I will deny plaintiff's motion for relief and damages, ECF No. 52; plaintiff's motion indeed reiterates plaintiff's demand made in his first amended complaint, which the court cannot grant without this case reaching its final resolution.

Next, plaintiff moves to provide the court with additional materials for the court's consideration, namely, a hand-drawn map of the park where the alleged incident occurred, ECF No. 59, and a picture of himself and his daughter, ECF No. 67. Due to plaintiff's pro se status, I will grant these motions. I have considered these items when analyzing the defendants' motions to dismiss.

Plaintiff also moves to submit evidence of medical research and facts related to traumatic brain injuries. ECF No. 66. Notably, the medical research plaintiff purports to submit appears to be his summary of potential research he has done, and he provides no citations to medical literature or medical research papers. *See generally id.* Defendants oppose this motion, arguing that it is improper lay opinion testimony based on scientific or other specialized knowledge. ECF No. 69. I will deny plaintiff's motion to submit this purported medical evidence, as it is unsubstantiated lay opinion testimony regarding plaintiff's own injuries, which is generally

9

inadmissible. *See Gray v. Clark*, 654 F. Supp. 3d 1062, 1071 (E.D. Cal. 2023) ("[C]ourts do not allow lay witnesses to testify as to the cause, effect, diagnosis or prognosis of their injuries, because such opinions require testimony from a medical expert."). Moreover, the extent of plaintiff's injuries is not in dispute at the current stage of litigation, and consideration of medical evidence is not relevant to whether defendants' motions to dismiss should be granted or denied.

Finally, plaintiff moves for discovery materials from defendants under *Pitchess v. Superior Court*, 522 P.2d 305 (Cal. 1974). ECF No. 72. Defendants oppose this motion, arguing that to obtain discovery in federal court, plaintiff needs to make requests under Federal Rule of Civil Procedure 34, not *Pitchess*. ECF No. 74. Additionally, they note that discovery is premature at this stage. *Id.* at 2. I will deny plaintiff's motion as premature. I have yet to issue a discovery and scheduling order. If and when I do so, plaintiff may serve defense counsel with requests for discovery pursuant to Federal Rules of Civil Procedure 26 through 37 and 45. If plaintiff is unable to obtain necessary discovery from defendants, he may then file an appropriate motion asking for the court's assistance.

**Conclusion**

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for relief and damages, ECF No. 52, is DENIED.

2. Plaintiff's motion to file discovery, ECF No. 59, and submit exhibits, ECF No. 67, is GRANTED.

3. Plaintiff's motion to submit medical research, ECF No. 66, is DENIED.

4. Plaintiff's motion for discovery, ECF No. 72, is DENIED.

Further, it is hereby RECOMMENDED that:

1. Defendants French, Reimche, and Luca's motion to dismiss, ECF No. 46, be GRANTED.

2. Plaintiff's state law claims for battery and IIED against French and false arrest against French, Reimche, and Luca be DISMISSED with leave to amend. Should plaintiff wish to amend his complaint as to these claims, he must file an amended complaint within twenty-one days of any order adopting these findings and recommendations. If plaintiff decides to file an

amended complaint, the amended complaint will supersede the current one.  *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc).  This means that the amended complaint will need to be complete on its face without reference to the prior pleading.  *See* E.D. Cal. Local Rule 220.

       3.      Plaintiff's failure to intervene claim against Reimche and Luca be DISMISSED without leave to amend.

       4.      Defendant El Dorado County's motion to dismiss, ECF No. 71, be GRANTED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    May 14, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE