1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  BRANDON R. JOHNSON                     Case No.  2:23-cv-0908-DC-JDP (P)

12          Plaintiff,

13      v.                                 FINDINGS AND RECOMMENDATIONS

14  WARDEN, *et al.*,

15          Defendants.

16

17

18          Plaintiff, a state prisoner proceeding pro se, alleged in his first amended complaint that

19  defendants El Dorado County and Matthew French, Sara Reimche, and Alex Luca, all of whom

20  are current or former deputies with the El Dorado County Sheriff's Office, violated his federal

21  and state rights during a July 2021 arrest.  ECF No. 17.  Defendants French, Reimche, and Luca

22  moved to dismiss the state law claims.  ECF No. 46.  Defendant El Dorado County also moved to

23  dismiss the complaint.  ECF No. 71.

24          On May 14, 2025, I issued findings and recommendations regarding the motions to

25  dismiss, in which I recommended, among other things, that plaintiff's first amended complaint be

26  dismissed with leave to amend his state law battery and intentional infliction of emotional distress

27  ("IIED") claims against French, and his false arrest claims against French, Luca, and Reimche, to

28

1    allow plaintiff an opportunity to plead additional facts and to address whether he complied with

2    the California Government Claims Act.  ECF No. 78.

3          Now before the court is plaintiff's second amended complaint, couched as objections to

4    the findings and recommendations.  ECF No. 79.  I recommend that the second amended

5    complaint's state law claims against French, Luca, and Reimche be dismissed without leave to

6    amend.

7                                          **Background**

8          In his first amended complaint, plaintiff alleged that on July 4, 2021, as he was returning

9    to his car after exiting a grocery store, a man approached him and told him that plaintiff's car

10   belonged to him.  ECF No. 17 at 9.  Plaintiff alleged that this man brandished a weapon and

11   chased him into a nearby park.  *Id.*  A few minutes later, French arrived at the park and tased and

12   tackled plaintiff.  *Id.*  Plaintiff alleged that French began kicking, punching, stomping, and

13   choking plaintiff until he lost consciousness.  *Id.*  Then French dragged plaintiff to a nearby tree

14   and continued beating him in the head, causing him to suffer a traumatic brain injury.  *Id.* at 9-10.

15   A few minutes later, Luca and Reimche arrived, and all three defendants handcuffed plaintiff.  *Id.*

16   at 10.  Plaintiff was transported to a nearby hospital, and as a result of this incident suffered

17   humiliation, emotional distress, pain, suffering, and medical costs.  *Id.*

18         Plaintiff also alleged that this practice of excessive force was consistent with

19   institutionalized practice of the El Dorado County Sheriff's Office.  *Id.*  He alleged that Sergeant

20   Brown and Sheriff Leikauf authorized the actions of French, Luca, and Reimche by failing to

21   discipline them appropriately and by failing to take adequate precautions in hiring them.  *Id.* at

22   11.

23         Defendants French, Reimche, and Luca moved to dismiss the state law claims, *see* ECF

24   No. 46, and defendants El Dorado County also moved to dismiss the complaint, ECF No. 71.

25   After review of the pleadings and applicable law, I recommend that plaintiff's first amended

26   complaint be dismissed (1) with leave to amend his state law battery and IIED claims against

27   French, and false arrest claims against French, Luca, and Reimche, to allow plaintiff an

28   opportunity to plead additional facts and to address whether he complied with the California

2

1   Government Claims Act, and (2) that plaintiff's failure to intervene claim against Reimche and

2   Luca be dismissed without leave to amend. ECF No. 78. I also recommend that plaintiff's

3   ratification claim against El Dorado County be dismissed without leave to amend. *Id.*

4           Specific to plaintiff's state law battery and IIED claims against French, and false arrest

5   claims against French, Luca, and Reimche, I informed plaintiff that his first amended complaint

6   failed to demonstrate that he complied with the California Government Claims Act. *Id.* at 6. I

7   explained that a plaintiff who failed to comply with the California Government Claims Act is

8   subject to a motion to dismiss, and that the court had the discretion to dismiss with leave to

9   amend to obtain compliance with the Act unless the failure to comply could not be cured by the

10  allegation of other facts. *Id.* at 5-6. I stated the following:

11          Under the current circumstances, it is not apparent that plaintiff's
            state law claims against French, Reimche, and Luca could not be
12          cured by the allegation of other facts, such as the date plaintiff filed
            the government claim, what entity he sent the claim to, and to
13          whom he addressed the complaint. As such, plaintiff's state law
            battery and IIED claims against French, and false arrest claims
14          against French, Luca, and Reimche, should be dismissed with leave
            to amend for the purpose of allowing plaintiff to demonstrate that
15          he complied with the California Government Claims Act.

16  *Id.* at 6. I informed plaintiff that if he wished to amend those state law claims, he could do so

17  within twenty-one days. *Id.* at 10-11.

18          Plaintiff "objected" to the findings and recommendations. ECF No. 79. However, his

19  objections appear to be a second amended complaint. *See generally id.* As such, I will screen the

20  second amended complaint against the backdrop of my prior findings and recommendations.

21                          **Second Amended Complaint**

22          In plaintiff's second amended complaint, he realleges his false arrest, battery, and IIED

23  claims against French, Reimche, and Luca. *See id.* Notably, plaintiff makes no allegations that

24  he has complied with the California Government Claims Act, such as when he filed the claim,

25  who he sent the claim to, or to whom he addressed the complaint. He also attempts to add

26

27

28

1  another defendant.  *See id.* at 2.  Plaintiff also reraises his Fourth Amendment excessive force

2  claim against French, Reimche, and Luca, and a Fifth and Eighth Amendment claim.  *Id.* at 3-5.[1]

3  **Analysis**

4  A federal court must screen the complaint of any claimant seeking permission to proceed

5  *in forma pauperis*.  *See* 28 U.S.C. § 1915(e).  The court must identify any cognizable claims and

6  dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

7  which relief may be granted, or seeks monetary relief from a defendant who is immune from such

8  relief.  *Id.*

9  A complaint must contain a short and plain statement that plaintiff is entitled to relief,

10  Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

11  face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not

12  require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.

13  662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere

14  possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not

15  identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

16  1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that

17  give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264

18  n.2 (9th Cir. 2006) (en banc) (citations omitted).

19  The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404

20  U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it

21  appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

22  would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

23  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

24  of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

25  _____

26  [1] Plaintiff also raised a Fourth Amendment excessive force claim in his first amended complaint, which defendants did not move to dismiss.  *See generally* ECF Nos. 46, 71.  As such, the Fourth Amendment claim was not addressed in the prior findings and recommendations.  *See*

27  ECF No. 78 at 1-2 n.1.  Plaintiff does reraise the claim in his second amended complaint, and his allegations are sufficient to allow the Fourth Amendment claim to continue to move forward in

28  this case.  *See* ECF No. 79 at 3-5.

1   1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

2           The California Government Claims Act bars claims for damages under state law against a

3   public employee unless the claim is first presented to the Department of General Services—which

4   must occur within six months of the alleged injury. *See Karim-Panahi v. Los Angeles Police*

5   *Dep't*, 839 F.2d 621, 627 (9th Cir. 1988) ("Karim-Panahi's pendent state law tort claims against

6   both the individual and public entity defendants are barred unless he presented them to the City

7   and the LAPD before commencing suit."). "[C]ompliance with the claims statute is mandatory

8   and failure to file a claim is fatal to the cause of action." *Young v. City of Visalia*, 687 F. Supp.

9   2d 1141, 1152 (E.D. Cal. 2009) (quoting *Hacienda La Puente Unified Sch. Dist. v. Honig*, 976

10  F.2d 487, 494 (9th Cir. 1992)). A plaintiff who fails to comply with California Government

11  Claims Act is subject to a motion to dismiss, and the court has discretion to dismiss with leave to

12  amend to obtain compliance with the Act, unless it "could not possibly be cured by the allegation

13  of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal quotation marks and

14  citation omitted).

15          Plaintiff's state law claims against defendants should be dismissed without leave to

16  amend. Plaintiff was given leave to amend his state law claims against French, Reimche, and

17  Luca for the purpose of supporting his allegation that he did comply with the California

18  Government Claims Act. *See* ECF No. 78 at 5-6. His second amended complaint, however, fails

19  to allege facts that demonstrate compliance. As a result, it "appears beyond doubt that the

20  plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See*

21  *Hayes*, 849 F.3d at 1208. Moreover, to the extent plaintiff attempts to raise new claims or add

22  additional parties, such action is beyond what was previously allowed by the guidance in the prior

23  findings and recommendations. Thus, plaintiff's state law claims against French, Reimche, and

24  Luca should be dismissed without leave to amend, and the case should move forward solely on

25  plaintiff's Fourth Amendment excessive force claim against French.

26

27

28

**Conclusion**

Accordingly, it is RECOMMENDED that:

1.  Plaintiff's state law battery and IIED claims against French, and false arrest claims against French, Luca, and Reimche, ECF No. 79, be DISMISSED without leave to amend.

2.  The action be allowed to proceed solely on plaintiff's Fourth Amendment excessive force claim against French.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    June 24, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE