UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON R. JOHNSON, | Case No. 2:23-cv-0908-DC-JDP (P) |
| Plaintiff, | |
| v. | ORDER |
| MATTHEW FRENCH, *et al.*, | |
| Defendants. | |

This action now proceeds solely on plaintiff's Fourth Amendment excessive force claim against defendant Matthew French. ECF Nos. 80 & 82. Plaintiff has filed numerous motions that must be adjudicated, and I will address them in the order that they have been filed.

Motions for Extension of Time

First, plaintiff seeks an additional twenty-eight days to respond to defendant's request for production of documents. ECF No. 86. Second, he seeks to extend the deadline for completion of discovery from January 16, 2026, *see* ECF No. 85, to April 16, 2026. ECF No. 87. Defendant has indicated that he does not oppose these extensions of time. ECF No. 91. Accordingly, these motions will be granted, and plaintiff, if he has not already done so, should submit his responses to defendant's request for documents within twenty-eight days of this order's entry. The new discovery deadline, including for motions to compel, shall be April 16, 2026. In light of these

1

rulings, plaintiff's later-filed motion for extension of time to complete discovery, ECF No. 92, which asks for a shorter extension into February 2026, *id.* at 2, is denied as moot.

Request for Review of Motion to Submit Medical Research

Plaintiff has filed a request that the court review documents concerning "medical research and facts of beta brainwaves and PTSD." ECF No. 88 at 1. This motion is denied as premature, and I decline to review this evidence now. Plaintiff may raise it, if appropriate, during dispositive motion practice or at a future trial. I note, however, that this is not a ruling on its admissibility. That question is also reserved for the future.

Requests for Issuance of Subpoenas and for Court Appointed Expert Witness

Plaintiff has filed two motions requesting subpoenas and other discovery materials. ECF Nos. 90 & 96. Plaintiff's first motion requesting subpoenas is denied. Therein, he requests personnel records, mental health records, and citizen complaints made against non-defendant Sara Reimche and Alex Luca. ECF No. 90 at 1-2. He also requests mental health records and all written or electronic communication between French and the other two non-party individuals. *Id.* Plaintiff has not shown, as he must, that any of the information sought from Reimche or Luca is relevant to any party's claim or defense. *See* Fed. R. Civ. P. 26(b)(1). And, with respect to the information sought from French, plaintiff may seek that information in the ordinary course of discovery.

Plaintiff's second motion for subpoenas and a court-appointed expert witness is also denied. The motion appears mistitled, insofar as it does not request subpoenas per se, rather it requests the "appropriate forms" to serve interrogatories, to serve written depositions and questions, and appointment of an expert witness by the court. ECF No. 96. The court does not provide litigants with form interrogatories or depositions. It is plaintiff's responsibility to draft and serve that discovery material. Additionally, the court will not pay for the appointment of expert witnesses to aid a party. *See Wilkins v. Barber*, 562 F. Supp. 3d 943, 946 (E.D. Cal. Oct. 27, 2021) ("Rule 706 does not contemplate court appointment and compensation of an expert witness as an advocate for plaintiff."). While the court may appoint an expert to aid the trier of fact, I do not find that such appointment is necessary at this time.

2

<u>Motion to File Facts and Discrepancies, Motion to Introduce "Citings," and Motion to Compel</u>

Plaintiff has filed three motions asking the court to consider alleged facts and, essentially, to evaluate the merits of his case outside a dispositive motion or jury trial.  ECF Nos. 97 & 98. For instance, his motion to introduce "citings" references "Harrison's Principals of Internal Medicine" and argues that the injuries he suffered support his version of events.  ECF No. 98 at 3-4.  And while his most recent motion is titled "motion to compel," in substance it asks that the court enter onto the docket a publication about both traumatic brain injury and the El Dorado County Sheriff's use-of-force policy.  ECF No. 102 at 1.  I decline to consider this material piecemeal, without either a pending motion on the merits or trial, and all three motions are denied.

<u>Request for Leave to Amend and to File Case Law Citations</u>

This motion is denied.  Therein, plaintiff again seeks to submit case law citations and "some responses" to defendant French's "claims which conflict with incident reports."  ECF No. 99 at 1.  Once more, it is inappropriate to litigate the merits of this case by piecemeal motion. Plaintiff may challenge French's narrative or version of events when a dispositive motion is at issue, or at trial.  Plaintiff also requests "leave to amend," but does not submit a proposed amended complaint.  Instead, he asks that the court "revisit the . . . inadequate training/failure to train and . . . ratification based on newly discovered information." *Id.*  This is not a proper method of amending a complaint, nor is it an adequately supported motion for reconsideration.

<u>Request for Court Assistance and Motion to Compel</u>

In his motion for court assistance, plaintiff asks that the court assist him in obtaining discovery.  He claims that he has requested various materials and has not yet received any documents or replies from defendant.  ECF No. 100 at 1.  This motion is denied.  Plaintiff has not stated exactly what discovery is outstanding or when it was served.  Additionally, defendant's counsel states that he received plaintiff's discovery on December 26, 2025, and mailed documents in response on January 15, 2026.  ECF No. 103 at 1.

3

Accordingly, it is ORDERED that:

1. Plaintiff's motions for extension of time, ECF Nos. 86 & 87, are GRANTED. The discovery deadline, including for any motions to compel, is extended to April 16, 2026. I will set a new deadline for dispositive motions by separate scheduling order once I am satisfied that no further extensions of the discovery deadline will be necessary.

2. Plaintiff's other motions, ECF Nos. 88, 90, 92, 96, 97, 98, 99, 100, & 102 are DENIED for the reasons stated in this order.

IT IS SO ORDERED.

Dated:    March 9, 2026                    _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4