UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON R. JOHNSON, Plaintiff, v. MATTHEW FRENCH, Defendant. | Case No. 2:23-cv-0908-DC-JDP (P) ORDER; FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner, brought this action pursuant to section 1983. Pending are defendant Matthew French's motion for sanctions, ECF No. 110, and plaintiff's motion for extension of time to complete discovery, ECF No. 111. I recommend that defendant's motion be granted and will deny plaintiff's motion.

Defendant states that plaintiff failed to appear at a noticed deposition scheduled for May 11, 2026. ECF No. 110-2 at 2. Defendant's counsel states that he travelled to Avenal State Prison for the deposition, and, on the day in question, plaintiff refused to leave his cell, either to attend the deposition or to meet and confer. *Id.* at 2. For his part, plaintiff notes that he did object to the deposition date and was in college finals necessary to complete his degree on the date the deposition was scheduled. ECF No. 111 at 2. This excuse, as defendant shows in his reply, is false. Academic documents attached to the reply show that finals for plaintiff's program were scheduled for April 27 to May 1, 2026. ECF No. 113-1 at 5. And, according to the principal of

the school that administers the remote learning program in which plaintiff was enrolled, he completed his exams earlier, by April 2, 2026. *Id.* at 1-2.

Accordingly, I find terminating sanctions appropriate. I must weigh five factors in determining whether this heavy sanction is warranted: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Connecticut General Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007). Additionally, only willfulness, bad faith, and fault will justify terminating sanctions. *Id.* There appears to be no question that plaintiff, by refusing to sit for his deposition, is willfully refusing to engage fully in discovery with defendants. Notably and as stated above, the excuse plaintiff offers for his refusal to attend the deposition is false.

The first factor, the public's interest in expeditious resolution of litigation, weighs in favor of terminating sanctions. Plaintiff's refusal to timely and willingly comply with his discovery obligations unquestionably frustrates progress toward resolving this case. More broadly, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).

The second factor, the court's need to manage its dockets, also favors dismissal. Plaintiff's failure to comply with his discovery obligations has caused the case to be delayed, required the court to expend judicial resources on issues not related to the substance of plaintiff's claims, and injected a substantial degree of uncertainty into the course of this litigation. *See Patagalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("Arguably, Pagtalunan's petition has consumed some of the court's time that could have been devoted to other cases on the docket. It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants such as Pagtalunan.").

The third factor, risk of prejudice to defendants, also favors dismissal. "In determining whether a defendant has been prejudiced, we examine whether the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case."

*Malone v. United States Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987). That is undoubtedly the case here, where plaintiff's failure sit for his deposition has impaired defendants' ability to prepare for trial and prepare dispositive motions. *See*, *e.g.*, *Chism v. National Heritage Life Insurance Co.*, 637 F.2d 1328, 1331 (9th Cir. 1981) (overruled on other grounds in *Bryant v. Ford Motor Co.*, 844 F.2d 602, 605 (9th Cir. 1987)) ("Disregard of the discovery process deprived the defendant of needed information, increased its litigation expenses and forestalled its preparation for trial.").

The fourth factor, public policy favoring disposition on the merits, cuts, as always, against terminating sanctions. It lends little support, however, to a litigant who, by his own behavior, has impeded disposition on the merits. *See In re: Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) ("Thus, we have also recognized that this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction.") (internal quotation marks omitted). That is, for the reasons explained above, the case here.

Finally, the fifth factor, the availability of lesser sanctions, also weighs in favor of dismissal. Monetary sanctions would be ineffective where, as here, plaintiff is already proceeding *in forma pauperis*. And I would be more inclined toward leniency and second chances had plaintiff not resorted to false statements to explain his failure to participate in discovery. "In this circuit, courts have inherent power to dismiss an action when a party has willfully deceived the court and engaged in conduct utterly inconsistent with the orderly administration of justice." *Fjelstad v. American Honda Motor Co.*, 762 F.2d 1334 (9th Cir. 1985) (quoting *Wyle v. R.J. Reynolds Industries, Inc.*, 709 F.2d 585, 589 (9th Cir. 1983) (internal quotation marks omitted). Plaintiff shall have an opportunity to explain how his excuses concerning his college finals do not amount to deliberate falsehoods in any objections to these recommendations he chooses to file.

Accordingly, it is ORDERED that plaintiff's motion for extension of time to complete discovery, ECF No. 111, is DENIED.

Further, I RECOMMEND that defendant's motion for terminating sanctions, ECF No. 110, be GRANTED and this action be dismissed as sanction for plaintiff's failure to comply with his discovery obligations and for false statements made to the court.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: July 29, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE